**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>**STANLEY ABRAHAM**<br><br>                Debtor.<br><br>**JANET STUART,**<br>                Plaintiff,<br><br>    -against-.<br><br>**STANLEY ABRAHAM,**<br><br>                Defendant. | Case No. 13-74398-reg<br>Chapter 7<br><br><br><br><br>Adv. Pro. No. 13-8165-reg |

## NOTICE OF CROSS-MOTION TO DISMISS THE ADVERSARY COMPLAINT AND DEFENDANT'S OPPOSITION TO THE MOTION FOR DEFAULT

**PLEASE TAKE NOTICE**, that upon the annexed Memorandum of Law in Support of Defendant's Opposition to the Motion for Default and Defendant's Cross-Motion to Dismiss the Adversary Complaint, Defendant Stanley Abraham, by his undersigned counsel, will move this Court, at 290 Federal Plaza, Courtroom 860, Central Islip, New York, 11722 on December 16, 2013, at 9:30 a.m., or as soon thereafter as counsel can be heard, for an order denying Plaintiff's Motion for Default and dismissing Plaintiff's Complaint with prejudice, and directing such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, must comply with the Federal Rules of Bankruptcy Procedure, shall be filed with the Court, and shall be served at least seven business days prior to the motion date set forth above.

Dated: November 26, 2013

/s/ Brian McCaffrey
_____
BRIAN MCCAFFREY, ESQ.
Brian McCaffrey Attorney at Law, P.C.
Attorneys for Debtor/Defendant
88-18 Sutphin Blvd., 1st Floor
Jamaica, NY 11435

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>**STANLEY ABRAHAM**<br><br>              Debtor. | Case No. 13-74398-reg<br>Chapter 7 |
| **JANET STUART,**<br>              Plaintiff,<br><br>-against-.<br><br>**STANLEY ABRAHAM,**<br>              Defendant. | Adv. Pro. No. 13-8165-reg |

### MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR DEFAULT JUDGMENT AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Before the Court is the motion of Plaintiff Janet Stuart ("Plaintiff") for a default judgment on its Adversary Complaint. Defendant Stanley Abraham ("Defendant") vehemently opposes said motion and furthermore seeks by Cross-Motion to dismiss the Adversary Complaint with prejudice.

### BACKGROUND

1. The *pro se* Plaintiff commenced this Adversary Proceeding by filing an Adversary Complaint (the "Complaint") on October 11, 2013.

2. Said Complaint was duly served on Defendant's counsel's office, however, a paralegal employed by our firm inadvertently placed the Complaint in the main bankruptcy case file where it was overlooked until after the Answer to said Complaint became due.

3. On November 22, 2013 we received a Notice of Motion for Default which triggered a search for the original complaint.

4. Upon discovery of our error, this Opposition and Cross-Motion were drafted immediately.

5. This law office failure constitutes reasonably excusable neglect which was not willful nor a part of a pattern of neglect, and thus Defendant should be afforded an opportunity to rebut the allegations in the Complaint so that this proceeding may be decided on the merits in the interests of justice.

6. The Complaint is an inventive reformulation of the occurrences alleged in the State Court action commenced by Plaintiff filing a complaint (the "original complaint") in the Queens County Supreme Court on August 13, 2010. Said original complaint is annexed hereto as "Exhibit A".

7. In the original State Court complaint, Plaintiff alleges that she loaned the sum of $1,083,291.45 to one "Thomas John" ("Mr. John"), with $75,000 thereof being tendered to Defendant herein at the specific direction of Mr. John.

8. Here the Plaintiff has concocted this inventive reformulation of the occurrences alleged in the State Court action for the sole purpose of to avoiding a discharge of the debt. This misrepresentation should not go unnoticed by this Court and should be met with the harshest remedy that this Court deems just and proper.

9. The doctrine of collateral estoppel prohibits the Plaintiff from fabricating an entirely different set of allegations in this proceeding that arose from the same occurrence litigated in state court.

10. Nowhere in the original complaint is it alleged that Defendant induced Plaintiff to loan her funds, where all funds were loaned at the specific direction of Mr. John who allegedly executed a promissory note regarding the loans.

11. Nowhere in the original complaint is it alleged that Defendant made any representations, verbal or written, which were relied upon by Plaintiff in advancing the loans.

12. Nowhere in the original State Court complaint, nor in the Adversary Complaint, is it alleged that the loans were secured by any collateral other than a promissory note executed by Mr. John.

13. As such, Plaintiff's Adversary Complaint fails to state a claim upon which relief can be granted, as the Defendant herein ever executed any security instrument pledging collateral to Plaintiff in the event of a default on the loan.

14. Thus, the $75,000 loan in question, assuming *arguendo* that it was made to Defendant and not Mr. John, is simply a dischargeable unsecured debt.

## ARGUMENT

### I. A DEFAULT JUDGMENT SHOULD NOT BE ENTERED AGAINST DEFENDANT

15. Pursuant to FRCP 55 and 60, a default judgment may be opposed on the grounds of excusable neglect.

16. In determining whether there is "good cause" to vacate an entry of default under Fed. R. Civ. P. 55(c), courts apply a three-factor test: (1) whether the default was willful; (2)

whether the defendant demonstrates the existence of a meritorious defense to the defaulted claims; and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice. *W.B. David & Co., Inc. v. De Beers Centenary AG*, 507 F. App'x 67, 69 (2d Cir. 2013) (citation omitted).

17. These criteria must be applied in light of the "oft-stated preference for resolving disputes on the merits." Enron *Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); accord *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (per curiam) ("[T]he extreme sanction of a default judgment [is] a weapon of last, rather than first, resort.") (citations omitted).

18. Bankruptcy Courts in New York have noted that the relevant inquiry for determining willfulness is the defaulting party's actions after it became aware of the existence of the litigation or entry of default. See, e.g. *In re Fairpoint Comm'cns, Inc.,* 462 B.R. at 81; *In re JWP Info. Servs., Inc.,* 231 B.R. 209, 212 (Bankr. S.D.N.Y. 1999) ("It is [the party's] actions after he became aware of the existence of the Trustee's motion . . . that reaches the level of wilfulness.").

19. Thus, even where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful. *See, e.g. In re Fairpoint Comm'cns, Inc.*, 462 B.R. at 81 (holding that defendant's default was not willful where he filed a motion for reconsideration eleven days after discovering that an order had been issued against him); *In re Journal Register Co.,* No. 09-10769 (ALG), 2010 Bankr. LEXIS 4959, 2010 WL 5376278, at *1, *3 (Bankr. S.D.N.Y. Dec. 23, 2010) (finding that even where claimant's delay in responding was due to her attorney tardily discovering a "previously unreviewed Claim Objection" that was in his possession, the claimant did not

act willfully "because she did not have actual knowledge [of the] proceeding and promptly sought relief"); *Tripmasters, Inc.*, 1984 U.S. Dist. LEXIS 22549, 1984 WL 1057, at *3 (noting that the defaulting party "moved promptly to vacate the default judgment once it discovered that the judgment had been entered"); see also *Swarna v. Al-Awadi*, 622 F.3d 123, 142-43 (2d Cir. 2010) [25] (finding that default was not willful where defendants retained counsel one day after receiving the motion for default judgment and where counsel moved for an extension of time to respond one week later). *Ariston Props., LLC v. Messer* (In re FKF 3, LLC), 2013 U.S. Dist. LEXIS 159159, 23-25, 2013 WL 5942271 (S.D.N.Y. Nov. 6, 2013).

20. Here, Defendant's failure to answer the Adversary Complaint was clearly the result of excusable neglect, as it resulted from law office failure where a paralegal employed by Defendant's counsel inadvertently misplaced the Pleadings when they were served upon the law office and once the mistake was discovered, the instant Opposition and Cross-Motion were immediately filed.

21. The default was in no way willfully, and excusing the default will in no way prejudice the Plaintiff herein, and in the interests of justice it is imperative that this proceeding is decided on its merits.

## II. THE COMPLAINT MUST BE DISMISSED PURSUANT TO FRCP 12(b)(6)

22. Pursuant to FRCP 12(b)(6), a complaint must be dismissed where it has failed to state a claim upon which relief can be granted.

23. Affording even the most liberal construction of Plaintiff's complaint, it is clear that Plaintiff has failed to establish the existence of a secured debt and thus failed to state a claim upon which her debt could be judged non-dischargeable.

24. Plaintiff has already pleaded the facts of the case in her original state court complaint annexed hereto as "Exhibit A", and is collaterally estopped from creating an alternate set of facts in order to serve her own purposes in this proceeding.

25. It is clear from the original complaint that all funds loaned by Plaintiff were loaned to or at the direction of one Mr. John, with no mention of Defendant even requesting the loan or making any statement upon which Plaintiff would rely upon to advance the loan.

26. Furthermore, in the absence of an executed security instrument pledging collateral to the Plaintiff to secure the loan, which Plaintiff has not pled, the loan is a simple unsecured debt, which is completely dischargeable in these Bankruptcy proceedings.

27. As such, even affording the most liberal construction to Plaintiff's complaint, it is clear that the $75,000 loan is an unsecured debt which is dischargeable in these proceedings and Plaintiff's complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**WHEREFORE**, Defendant respectfully requests that Plaintiff's motion for a default judgment be denied and Defendant's cross-motion to dismiss the complaint be granted in its entirety, with prejudice, and for such other and further relief as this Court deems just and proper.

Dated: November 26, 2013

/s/ Brian McCaffrey
_____
BRIAN MCCAFFREY, ESQ.
Brian McCaffrey Attorney at Law, P.C.
Attorneys for Debtor/Defendant
88-18 Sutphin Blvd., 1st Floor
Jamaica, NY 11435