Law Offices of Gregory Messer, PLLC
Counsel to Plaintiff
26 Court St, Suite 2400
Brooklyn, New York 11242
Telephone: (718)858-1474
Gregory M. Messer, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                                                  Chapter 7
                                                                                              Case No: 13-74398-reg
STANLEY ABRAHAM and AMY ABRAHAM,
                                Debtors.
-----------------------------------------------------------------X
JANET STUART,
Plaintiff,                                                                           Adv. Pro. No. 13-08165-reg

                        v.

STANLEY ABRAHAM,
Defendant.
-----------------------------------------------------------------X

**AMENDED COMPLAINT FOR DETERMINATION OF
DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE
PURSUANT TO 11 U.S.C. §§ 523 AND 727 OF THE BANKRUPTCY CODE**

Plaintiff Janet Stuart (the "Plaintiff"), by her attorney, Law Offices of Gregory Messer, PLLC, for her Amended Complaint against Defendant Stanley Abraham (the "Defendant"), alleges as follows:

**JURISDICTION AND VENUE**

1. On August 23, 2013 (the "Filing Date"), the Defendant, jointly with his wife Amy Abraham, filed a voluntary petition (the "Petition") for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

2. On October 11, 2013, the Plaintiff filed, *pro se*, an original complaint objecting to the dischargeability of her debt pursuant to 11 U.S.C. § 523(a)(2) (the "Original Complaint").

The Original Complaint was timely filed, because the deadline to object to the Defendant's discharge, or to the dischargeability of certain debts, expired on November 25, 2013.

3. This Amended Complaint relates back to the filing of the Original Complaint because all the facts and circumstances described herein involve the same transactions and occurrences that were contained in the Original Complaint.

4. This is an adversary proceeding in which the Plaintiff is objecting to the Defendant's discharge pursuant to sections 727(a)(4)(A) of the Bankruptcy Code, and seeking a determination of the dischargeability of the debt owed by the Defendant to Plaintiff pursuant to section 523(a)(2)(A) of the Bankruptcy Code.

5. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b), and pursuant to the standing order of reference from the District Court for the Eastern District of New York.

6. Venue is appropriate in this court pursuant to 28 U.S.C. § 1408.

7. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) & (J), and in the event that this court determines that Article III of the Constitution prohibits this court from entering a final order in this matter without the consent of the parties, the Plaintiff gives such consent.

## THE PARTIES

8. Plaintiff is an individual who resides at 115-52 223d Street, Cambria Heights, New York 11411.

9. Plaintiff is a creditor of Defendant.

10. Defendant is the Debtor in the above-captioned case and upon information and belief, resides at 5 Rhodes Drive, New Hyde Park, New York 11040.

## **GENERAL ALLEGATIONS**

11. This is Defendant's third bankruptcy case

12. On September 4, 2012, Defendant, *pro se*, filed a voluntary petition seeking relief under chapter 13 of the Bankruptcy Code, which case was dismissed automatically pursuant to 11 U.S.C. § 521(i), although a creditor had filed a motion to dismiss the case with prejudice, which motion was never heard.

13. On November 20, 2012, Defendant, *pro se*, filed a second voluntary petition seeking relief under chapter 13 of the Bankruptcy Code, which case was also dismissed automatically pursuant to 11 U.S.C. § 521(i).

14. On July 21, 2009, Plaintiff loaned Defendant $50,000, paying the money to him with a cashier's check. On August 3, 2009, Plaintiff loaned Defendant a further $25,000, paying the money to him by wire transfer. Defendant promised to repay the loaned money by September 2009.

15. Before these loans were made, Defendant told Plaintiff that the money would be used to expand his real estate business. In reality, however, Defendant used (and, on information and belief, always intended to use) the money for other investments, including opening a franchise of Subway Restaurants.

16. Plaintiff believed that Defendant would use the money to expand his real estate business because he was a real estate broker, and she was a salesperson in his office. If Plaintiff had known the money would be used to open a franchise of Subway Restaurants, she never would have lent the money to Defendant.

17. When Plaintiff demanded repayment, Defendant denied that he owed her any money at all. Attached to this Amended Complaint as **Exhibit A** is a copy of the wire transfer

confirmation from Plaintiff's bank, showing a transfer on August 3, 2009, of $25,000 from Plaintiff to Defendant's bank account. Attached to this Amended Complaint as **Exhibit B** is a copy of the cashier's check from Plaintiff's bank, dated July 21, 2009, and signed by Defendant with his account information (redacted pursuant to Rule 9037 of the Federal Rules of Bankruptcy Procedure), included.

18. When Defendant filed his joint voluntary petition under Chapter 7 of the Bankruptcy Code, he made the following declarations under oath:

   a. "I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 29 sheets, and that they are true and correct to the best of my knowledge, information, and belief." (Docket #1, ¶ 39).

   b. "I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct." (Docket #1, ¶ 48).

   c. "I declare under penalty of perjury that the information provided in this statement is true and correct." (Docket #1, ¶ 67).

**FIRST CLAIM FOR RELIEF**
**(Nondischargeability based on fraud)**

19. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 15 above as if fully set forth herein.

20. 11 U.S.C. § 523(a)(2)(A) provides: "A discharge under section 727 . . . does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

21. Defendant falsely represented to Plaintiff that he intended to use the proceeds from the loan to expand his real estate business. On information and belief, at the time he made this representation, Defendant intended to use the proceeds of the loan for other purposes, including the creation of a franchise of Subway Restaurants.

22. Plaintiff relied on that representation in deciding whether to loan money to Defendant, and would not have lent him money if she had known the proceeds would be used to create a franchise of Subway Restaurants.

23. Therefore, the debt owed by the Defendant to the Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF
### (Denial of discharge for making a false oath)

24. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 20 above as if fully set forth herein.

25. 11 U.S.C. § 727(a)(4)(A) provides: "The court shall grant the debtor a discharge, unless . . . the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account."

26. Notwithstanding the Debtor's declaration described in paragraph 15(a) above, Defendant's schedules are not true and correct.

27. Line 13 of Schedule B lists no stock ownership in any incorporated or unincorporated businesses, but Defendant owned stock in businesses on the Filing Date. Evidence of this is in the schedules themselves, as numerous debts owed by Amstan LLC and Abraham Imports Business are listed on Schedule F.

28. Schedule C lists $21,400 worth of property in Defendant's name exempt from the estate pursuant to 11 U.S.C. § 522(d)(5), but that section only permits a debtor to exempt $12,725.

29. Schedule G lists no executory contracts or unexpired leases, while Schedule F lists $450,000 in aggregate debts as a result of leases for the Subway franchise.

30. Schedule I states that Defendant is unemployed. Upon information and belief, Defendant was self-employed, not unemployed, on the Filing Date.

31. Schedule J lists no expenses from the operation of a business, although upon information and belief, Defendant ran a business from his home on the Filing Date.

32. Upon information and belief, Defendant's declaration described in paragraph 15(a) above was made knowingly and willfully, and upon information and belief, the trustee relied on the accuracy of that declaration when deciding to file his Report of No Distribution.

33. Therefore, Defendant is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

### THIRD CLAIM FOR RELIEF
**(Denial of discharge for making a false oath)**

34. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 33 above as if fully set forth herein.

35. Notwithstanding the declaration described in paragraph 15(b) above, Defendant's statement of financial affairs is not true and accurate.

36. When asked to list income from employment, trade, or profession, or the operation of a business within two years preceding the Filing Date, Defendant listed no income at all for himself, and income for his wife only from 2013. Upon information and belief, both Defendant and his wife had income from employment, trade, or profession, or the operation of a

business in 2012, and Defendant had income from employment, trade, or profession, or the operation of a business in 2013.

37. When asked to list income from other sources in the previous two years, upon information and belief, Defendant falsely represented that Amstan LLC and Abraham Imports were closed.

38. When asked to list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which he was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years before the Filing Date, Defendant replied "None." Upon information and belief, Defendant was involved in no fewer than two such businesses within six years before the Filing Date.

39. When asked to list all bookkeepers and accountants who kept or supervised the keeping of books and accounts of the debtor within two years before the Filing Date, Defendant replied "None." Upon information and belief, Defendant has kept or supervised the keeping of books and accounts of the Debtor or, if he did not, his concealment of the fact that he had been engaged in business within six years before the Filing Date, upon information and belief, caused the trustee to refrain from objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3).

40. Upon information and belief, Defendant's declaration described in paragraph 15(b) was made knowingly and willfully, and upon information and belief, the trustee relief on that declaration in deciding not to file an objection to the Debtor's discharge pursuant to 11 U.S.C. § 727(a).

41. Therefore, Defendant is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

## FOURTH CLAIM FOR RELIEF
### (Denial of discharge for making a false oath)

42. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 40 above as if fully set forth herein.

43. Notwithstanding the declaration described in paragraph 15(c) above, Defendant's Statement of Current Income and Means-Test Calculation is not true and correct.

44. In response to question 4, Defendant listed no income from the operation of a business, profession, or farm. Upon information and belief, on the Filing Date, Defendant was earning income from the operation of a business, profession, or farm.

45. Upon information and belief, this omission enabled Defendant to declare a household income lower than the median for New York, which enabled him to avoid completing the remainder of the form. Upon information and belief, had the form been filled out correctly, the presumption under 11 U.S.C. § 707(b)(2) would have arisen. Upon information and belief, had the presumption arisen, the trustee or the United States Trustee would have moved to dismiss or convert the case pursuant to 11 U.S.C. § 707(b).

46. Therefore, Defendant is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant:

(a) Declaring that the $75,000 debt, plus attorney's fees, owed by Defendant to Plaintiff is not subject to the discharge pursuant to 11 U.S.C. §523(a)(2);

(b) Declaring that the Defendant is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4); and

  (c)  Granting such other and further relief as the court deems appropriate under the circumstances.

Dated: February 21, 2014
    Brooklyn, New York  **LAW OFFICES OF GREGORY MESSER, PLLC**
               Counsel for Plaintiff

              */s/ Gregory Messer*
       By: _____
          Gregory Messer
          26 Court Street, Suite 2400
          Brooklyn, New York 11242
          Telephone: (718) 858-1474

# EXHIBIT A - 1 PAGE

**Capital One Bank**
Capital One, N.A.

## OUTGOING WIRE TRANSFER NOTIFICATION

JANET C STUART
11552 223RD ST

CAMBRIA HEIGHTS , NY 11411-1208

Dear JANET C STUART:

In accordance with your instructions, your Bank account ending in
# **********1030 has been debited on 08/03/2009 for an Outgoing
Wire Transfer as detailed below. Please note any fees that may
have been assessed to the account and adjust your records accordingly.

Sender Information:

| | |
|---|---|
| By Order of: | JANET C STUART |
| Sender Bank: | CAPITAL ONE N.A. |
| Sender ABA: | 021407912 |
| Senders Reference # | 24269535 |
| Receiver Bank: | CITIBANK N.A. |
| Receiver Bank ABA: | 021000089 |
| Beneficiary Bank: | |
| Beneficiary Bank ABA: | |
| FRB Reference #: | 20090803B1Q8431C001412 |
| Beneficiary: | STANLEY ABRAHAM |
| Beneficiary Account: | **********7807 |
| Amount: | $25000.00 |

Additional Information (If Applicable):

If you have any questions regarding this transaction, please contact
your local Branch Office.

Member FDIC                                                                                                   Equal Housing Lender

# EXHIBIT B - 1 PAGE



